# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                  Plaintiff,<br>vs.<br>JEFFRIES, et al.,<br><br>                  Defendants. | Case No. 18cv2021-MMA (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT;**<br><br>[Doc. No. 4]<br><br>**DENYING PLAINTIFF'S MOTION FOR SETTLEMENT DATE AND JUDGMENT**<br><br>[Doc. No. 7] |

Plaintiff Jane Doe, proceeding *pro se,* brings this personal injury action against various Riverside County officials. Plaintiff moves for entry of default judgment against all named defendants. *See* Doc. No. 4. Plaintiff also requests an "immediate settlement date with assigned judges and counsel." *See* Doc. No. 7. For the reasons set forth below, the Court **DENIES** Plaintiff's motions.

## DISCUSSION

As an initial matter, the Court notes that obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, a party must obtain

a clerk's entry of default under Rule 55(a); thereafter, the party may seek entry of default judgment under Rule 55(b). *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Plaintiff has not requested nor obtained entry of default by the Clerk of Court. As such, Plaintiff's motion for default judgment is procedurally improper and subject to denial on this basis alone. *See, e.g., Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.").

Furthermore, the Court has no authority to enter default judgment against defendants over whom it lacks personal jurisdiction. Service of the complaint and summons in a civil action is a critical first step in establishing the Court's personal jurisdiction over a party. As the party invoking the Court's jurisdiction, Plaintiff bears the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1285 (9th Cir. 1977). Plaintiff has not provided the Court with proof of service as required by Federal Rule of Civil Procedure 4(l)(1), and there is no indication on the record that any of the defendants waived service pursuant to Rule 4(d). Plaintiff argues in her moving papers that she served each defendant with the summons and complaint via certified mail. However, certified mail is not an appropriate method of service on an individual within a judicial district of the United States under federal law. *See* Fed. R. Civ. P. 4(e)(2).

Nor does Plaintiff's effort constitute proper service under California law. *See* Fed. R. Civ. P. 4(e)(1). California Code of Civil Procedure § 415.30 provides that a party may attempt service via mail on individuals residing in California. However, in order to effectuate service by mail, a copy of the summons and of the complaint must be mailed "together with two copies of the notice and the acknowledgment [of receipt of summons] . . . and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a). Plaintiff does not indicate whether she complied with these statutory requirements, and she has failed to produce an executed acknowledgement returned by any of the defendants. Even if Plaintiff received a postal service return receipt, this

2

18cv2021-MMA (JMA)

would not suffice as a substitute for an executed acknowledgement of receipt of summons. *See Tandy Corp. v. Superior Court*, 117 Cal. App. 3d 911, 913 (1981). As such, the Court cannot conclude that service has been completed as to any of the defendants.

In order to obtain default judgment against a named defendant in this action, Plaintiff must serve each defendant properly, in accordance with federal or California law, and provide sufficient proof of service to the Court. Entry of default by the Clerk of Court will be appropriate only if a defendant who has been properly served fails to answer or otherwise respond to the complaint in a timely manner.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for default judgment without prejudice. In light of the current procedural posture of the case, the Court also **DENIES** Plaintiff's motion for a settlement conference and judgment.

**IT IS SO ORDERED**.

DATE: October 17, 2018

HON. MICHAEL M. ANELLO
United States District Judge