**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>     vs.<br><br>JEFFRIES, et al.,<br><br>                   Defendants. | Case No. 18cv2021-MMA (LL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT;**<br><br>[Doc. No. 16]<br><br>**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 18] |

      Plaintiff Jane Doe, proceeding *pro se*, brings this action against various Riverside County officials based on events occurring on September 13, 2017 in Indian Wells, California. *See* Doc. No. 1. Plaintiff moves for entry of default judgment against Defendants based on their purported failure to answer her claims. *See* Doc. No. 16. Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b). *See* Doc. No. 18. The Court granted Plaintiff leave to file an untimely response in opposition to Defendants' motion, *see* Doc. No. 21, to which Defendants replied, *see* Doc. No. 23. For the reasons set forth below, the Court **DENIES** Plaintiff's motion for

default judgment, and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## BACKGROUND[1]

This action arises out of Plaintiff's alleged altercation with Defendant Dustin Lloyd, a Riverside County Sheriff's Deputy. According to Plaintiff, on the afternoon of September 13, 2017, she was parked at her son's school in Indian Wells, California, when Defendant Lloyd "brutally attacked" her by "grabbing" her "wrists, throwing" her "to the pavement causing complete loss (ability)" of her left leg. Doc. No. 1 at 4.[2] Defendant Lloyd threw Plaintiff down on her other side, fracturing Plaintiff's right cheekbone, causing blood loss, and "a 10 day black eye." *Id*. Plaintiff alleges that Defendant Lloyd "refused to allow 911 EMT to treat [her] injuries," as he proceeded to put Plaintiff in the back of a police vehicle, handcuff her, suffocate her, and "put on rubber gloves making sexually explicit hand gestures." *Id*. Defendant Lloyd drove Plaintiff to the hospital, where she was admitted "under a 5150 without probable cause." *Id*. Plaintiff remained "wheelchair bound for 10 days." *Id*. She later reported the incident at the Palm Desert Police Department. Plaintiff seeks damages in the amount of one million dollars. *Id*. Plaintiff avers that the "County of Riverside Clerk of the Board has declined to confer, negotiate, or settle the damages." *Id*.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendants based on their purported failure to answer her claims. Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Here, Plaintiff is not

---

[1] **Error! Main Document Only.**Because this matter comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in Plaintiff's complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

[2] Citations to documents filed in the record refer to the pagination assigned by the CM/ECF system.

entitled to entry of default against Defendants because they have appeared and file a motion to dismiss Plaintiff's complaint. A motion to dismiss constitutes "otherwise defend[ing]" against a judgment for affirmative relief. *See* 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2682 (3d ed.) ("a motion challenging the complaint for failure to state a claim upon which relief can be granted is within the notion of 'otherwise defend.'").

## DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss this action on two grounds. First, Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks constitutional standing to pursue this action and therefore the Court lacks subject matter jurisdiction. Second, Defendants move to dismiss under Rule 12(b)(6), arguing that Plaintiff fails to allege any plausible claims. Defendants also seek dismissal of Plaintiff's complaint due to noncompliance with the pleading standard set forth in Rule 8. In the alternative, Defendants request that the Court order Plaintiff to state her claims more definitively under Rule 12(e).

### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted). Once challenged, the burden of establishing the existence of subject matter jurisdiction rests on the party asserting jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). "For purposes of ruling on a motion to dismiss for want of standing," the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead "enough

3
18cv2021-MMA (LL)

facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (*citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a *pro se* complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

### 2. Analysis

As a threshold matter, Defendants move to dismiss this action due to Plaintiff's lack of standing sufficient to state a case or controversy within the Court's subject matter jurisdiction. Defendants argue that Plaintiff lacks standing under Article III of the United

4

18cv2021-MMA (LL)

States Constitution because she fails to allege an "injury in fact" that is neither "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (citations omitted). Defendants further contend that Plaintiff fails to state any plausible claims against them.

The standing inquiry serves to determine whether "a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy," *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972), and to ensure that legal questions will be resolved "in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982). "A plaintiff generally demonstrates standing by showing an injury in fact traceable to the challenged action and redressable by a favorable decision." *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002). A plaintiff must have standing to bring each claim asserted. *See Davis v. F.E.C.*, 554 U.S. 724, 128 S. Ct. 2759, 2769 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "[S]tanding is not dispensed in gross," as "'a plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject.'" *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982)).

Construing Plaintiff's allegations liberally, Plaintiff appears to raise Fourth Amendment claims against Defendant Lloyd for the use of excessive force and an unreasonable seizure.[3] She alleges facts that are sufficient to establish her standing to pursue these claims. She describes actual injuries, caused by Defendant Lloyd, and requests compensatory damages. Taking her allegations as true, Plaintiff also states

---

[3] Plaintiff's claim regarding Defendant Lloyd's use of excessive force is analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 394 (1989); *accord Young v. County of Los Angeles*, 655 F.3d 1156, 1161 (9th Cir. 2011).

factually plausible claims against Defendant Lloyd under the Fourth Amendment. She alleges conduct by Defendant Lloyd that would be considered "objectively unreasonable in light of the facts and circumstances confronting" him. *Graham*, 490 U.S. at 397 (internal quotation marks omitted). Plaintiff also alleges sufficient facts to establish that Defendant Lloyd lacked probable cause to detain her.

The nature of Plaintiff's claims against the members of the Riverside County Board of Supervisors, the Riverside County Sheriff, and the District Attorney is unclear. Plaintiff's allegations against these defendants are scant, including only brief references to negligence and fraud. To the extent she is pursuing such claims, she fails to establish that she has standing to do so. Based on the lack of any supporting factual allegations, these claims also fail under the plausibility standard set forth in Rule 12(b)(6). As such, Plaintiff's claims against the members of the Riverside County Board of Supervisors, the Riverside County Sheriff, and the District Attorney are subject to dismissal. However, as noted above, the court must give a *pro se* litigant leave to amend her complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)). Here, Plaintiff's response in opposition to Defendants' motion demonstrates that she may be able to allege sufficient additional facts to state plausible claims against these defendants. As such, dismissal is without prejudice and with leave to amend.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for default judgment. The Court **DENIES IN PART** Defendants' motion to dismiss and finds that Plaintiff has stated facts sufficient to allege claims under the Fourth Amendment against Defendant Lloyd. The Court **GRANTS IN PART** Defendants' motion to dismiss and **DISMISSES** Plaintiff's claims against the members of the Riverside County Board of Supervisors, the Riverside County Sheriff, and the District Attorney. Dismissal of these claims is without prejudice and with leave to amend. If Plaintiff chooses to amend her

claims against these defendants, Plaintiff must file an amended complaint on or before **January 25, 2019**. Plaintiff may not add any new claims or parties. Defendants not named and any claim not re-alleged in an amended complaint will be considered waived. *See* SD Cal CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived.").

**IT IS SO ORDERED**.

DATE: December 27, 2018

HON. MICHAEL M. ANELLO
United States District Judge