**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>  vs.<br><br>JEFFRIES, et al.,<br><br>        Defendants. | Case No. 18cv2021-MMA (LL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 28] |

  Plaintiff Jane Doe, proceeding *pro se*, has filed an amended complaint against various Riverside County officials based on events occurring on September 13, 2017 in Indian Wells, California. *See* Doc. No. 26. Defendants Riverside County Supervisors Kevin Jeffries, John Tavaglione, Chuck Washington, Marion Ashley, and V. Manuel Perez, former Riverside County Sheriff Stanley Sniff, Jr., and Riverside District Attorney Michael Hestrin (collectively "Defendants") move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b). *See* Doc. No. 28. To date, Plaintiff has not filed a response in opposition to the motion. The Court took the motion under submission without oral argument pursuant to Civil Local Rule 7.1.d.1. and Federal Rule of Civil Procedure 78(b). *See* Doc. No. 32. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

# BACKGROUND[1]

This action arises primarily out of Plaintiff's alleged altercation with Defendant Dustin Lloyd, a Riverside County Sheriff's Deputy. The relevant factual allegations are set forth in detail in the Court's December 27, 2018 Order denying Deputy Lloyd's motion to dismiss Plaintiff's Fourth Amendment claim against him. *See* Doc. No. 24. Plaintiff's amended complaint contains additional factual allegations against Sheriff Sniff, District Attorney Hestrin, and the individual members of the Riverside County Board of Supervisors.

Plaintiff claims that Defendants maliciously prosecuted her to "cover up" Deputy Lloyd's brutality. *Am. Compl.* ¶ 35. According to Plaintiff, the individual members of the Riverside County Board of Supervisors are "aware or should be aware, that Police Brutality cases in Riverside County are a conspiracy between the Sheriff [sic] department and District Attorney's office to cover up the misconduct and bring further harm to the victim." *Id.* ¶ 50. Despite this knowledge, Plaintiff alleges that the Board members declined to settle her claims. Plaintiff further contends that former Sheriff Sniff "knew or should have known, that staffing a municipality with employees, including Officer Lloyd, who were unsupervised, undisciplined, inadequately trained and wholly unsuited to interact with the public would pose an excessive risk that members of the public would be subjected to out of control, violent, and aggressive behavior." *Id.* ¶ 52. Plaintiff alleges that District Attorney Hestrin "agreed to conspire with the 'Sheriff Agency' and accept an invalid charge against Plaintiff." *Id.* ¶ 57.

Based on these allegations, Plaintiff brings causes of action for malicious prosecution, negligence, false arrest, violations of her civil rights, and conspiracy.

---

[1] Because this matter comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in Plaintiff's complaint and must also construe the amended complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true all material allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (*citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)).

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a *pro se* complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983).

## DISCUSSION

As an initial matter, this District's Civil Local Rules provide "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that

failure may constitute a consent to the granting of a motion or other request for ruling by the court." SD CivLR 7.1.f.3.c. The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The Court has the option of granting Defendants' motion based on Plaintiff's failure to file a written response but declines to do so based on Plaintiff's *pro se* status.

Turning to the merits of Defendants' motion, the Court finds that Plaintiff once again fails to state a plausible claim for relief against the individual members of the Riverside County Board of Supervisors. Plaintiff alleges that the Board members are vicariously liable based on their "direct control" over the Sheriff Department's budget and the "physical and environmental safety" of the citizens of Riverside County. *Am. Compl.* ¶ 49. However, "[u]nder Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Snow v. McDaniel*, 681 F.3d 978 (9th Cir. 2012), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (2014)).

Plaintiff also appears to bring a cause of action against the Board members, as well as the former Sheriff and the District Attorney, for a conspiracy to violate her civil rights. To state a plausible conspiracy claim, Plaintiff must allege specific actions in furtherance of a conspiracy, including a "meeting of the minds" to deprive her of her constitutional rights and an actual deprivation resulting from the alleged conspiracy. *See Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff includes no such factual allegations. Plaintiff's conclusory allegation of a conspiracy without any factual support fails to constitute a cognizable claim.

Plaintiff fails to state a plausible cause of action against former Sheriff Sniff. Plaintiff alleges that Sniff, in his capacity as Deputy Lloyd's supervisor, knew about Lloyd's "history of police brutality," "incompetence on the job," submission of "false police reports," spoliation of evidence, and inadequate training. However, supervisory

personnel are generally not liable under Section 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). And a supervisory defendant cannot be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Finally, Plaintiff fails to state a plausible claim against District Attorney Hestrin. A "prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). This is true even if the district attorney acted in a "malicious or dishonest" manner. *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutorial immunity extends to actions during both the pre-trial and post-trial phases of a case. *See Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). Plaintiff's allegations against Hestrin arise out of his official functions as Riverside County District Attorney. As such, he is immune from suit.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's claims against the members of the Riverside County Board of Supervisors, the Riverside County Sheriff, and the District Attorney. Dismissal of these claims is with prejudice. The Court **DIRECTS** the Clerk of Court to terminate this action as to these Defendants. This action will proceed against Defendant Dustin Lloyd only.

**IT IS SO ORDERED**.

DATE: April 25, 2019

HON. MICHAEL M. ANELLO
United States District Judge