# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br>                Plaintiff, <br> vs. <br> D. LLOYD, <br>                Defendant. | Case No. 18cv2021-MMA (LL) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO STAY** <br><br> [Doc. No. 42] |

Plaintiff Jane Doe, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Dustin Lloyd. Plaintiff moves for a temporary stay of the action pending the outcome of criminal proceedings against her. *See* Doc. No. 42. Defendant has not filed a response in opposition to the motion. The Court took the motion under submission without oral argument pursuant to Civil Local Rule 7.1.d.1. and Federal Rule of Civil Procedure 78(b). *See* Doc. No. 43. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

This action arises primarily out of Plaintiff's alleged altercation with Defendant Dustin Lloyd, a Riverside County Sheriff's Deputy. The relevant factual allegations are set forth in detail in the Court's December 27, 2018 Order denying Defendant's motion to

dismiss Plaintiff's Fourth Amendment claim against him. *See* Doc. No. 24. According to Plaintiff, her encounter with Defendant resulted in the filing of misdemeanor charges against her in Riverside County Superior Court. According to Plaintiff, "[t]he misdemeanor case has been prolonged" for various reasons and she anticipates the "criminal charges will be dismissed or ordered to trial proceedings" at a hearing currently set for November 8, 2019. Doc. No. 42 at 1-2. Plaintiff argues that a stay is necessary because she risks potential self-incrimination if deposed prior to the disposition of those proceedings. She also contends that disposition of the criminal proceedings will potentially impact the parties' ability to settle this case, as well as matters related to trial.

## LEGAL STANDARD

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Ninth Circuit has instructed:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id*. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id*. at 903.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (quoting and citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989)).

//
//

## Discussion

As an initial matter, this District's Civil Local Rules provide "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." SD CivLR 7.1.f.3.c. The Ninth Circuit has held a district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). The Court has the option of granting Plaintiff's motion based on Defendant's failure to file a written response. The Court is inclined to do so but notes that Plaintiff's motion has substantive merit as well.

Upon due consideration of the *Keating* factors set forth above, the Court finds that a temporary stay of this action is appropriate pending the disposition of the criminal proceedings against Plaintiff in state court. Neither Plaintiff, Defendant, nor any interested third parties will suffer prejudice as a result of a temporary stay of the proceedings in this Court. Moreover, Plaintiff asserts a legitimate concern regarding potential self-incrimination and the disposition of Plaintiff's criminal charges may otherwise impact certain claims and issues in this action.

## Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's motion and **STAYS** this action pending the disposition of the pending criminal charges against Plaintiff in Riverside County Superior Court. The Court **DIRECTS** Plaintiff to timely advise the Court in writing via a "Status Report" of the final disposition of those proceedings, at which time the Court will lift the stay of these proceedings.

**IT IS SO ORDERED**.

DATE: October 24, 2019

HON. MICHAEL M. ANELLO
United States District Judge